IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

|  |  |
|---|---|
| JUAN MANUEL FERNANDEZ-RAMOS,<br><br>        Petitioner,<br><br>vs.<br><br>KRISTY NOEM, Secretary, U.S. Department of Homeland Security (DHS);  KIKA SCOTT, Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services (USCIS); TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); PETE R. FLORES, Acting Commissioner, U.S. Customs and Border Protection (CBP); MATTHEW S. DAVIES, Executive Director of Admissibility and Passenger Programs, U.S. Customs and Border Protection; ROBERT HAMMER, Acting Executive Associate Director, Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE)<br><br>        Defendants. | CASE NO. |

**COMPLAINT FOR MANDAMUS, APA JUDICIAL REVIEW
AND DECLARATORY RELIEF**

COMES NOW Plaintiff Juan Manuel Fernandez-Ramos, by and through undersigned counsel, respectfully submits the instant Complaint for Mandamus, 28 U.S.C. §§ 1361, 1651, APA Judicial Review, 5 U.S.C. § 702 *et seq.*, and Declaratory Relief, 28 U.S.C. § 2201, in combination with federal question jurisdiction, 28 U.S.C. § 1331.

1

Plaintiff hereby challenges U.S. Immigration and Customs Enforcement's (ICE) failure to issue a humanitarian parole pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A). Plaintiff's application is now beyond normal processing time. In support thereof, Plaintiff respectfully states the following:

## PARTIES

1. Plaintiff, Mr. Juan Fernandez Ramos, born November 6, 1994, is a native and citizen of Cuba. Plaintiff's alien number is 240-462-344.

2. Defendant, Kristi Noem, is the Secretary of the Department of Homeland Security ("DHS"),

3. Defendant, Kika Scott, is the Senior Official Director of the U.S. Citizenship and Immigration Services ("USCIS"),

4. Defendant, Todd M. Lyons, is the Acting Director of the U.S. Immigration and Customs Enforcement ("ICE"),

5. Defendant, Pete R. Flores, is the Acting Commissioner of U.S. Customs and Border Protection ("CBP"),

6. Defendant, Matthew S. Davies, is the Executive Director of Admissibility and Passenger Programs at U.S. Customs and Border Protection ("CBP"),

7. Defendant, Robert Hammer, is the Acting Executive Associate Director of Homeland Security Investigations ("HSI").

## JURISDICTION

8. This Court has jurisdiction pursuant to the federal question jurisdiction, 28 U.S.C. §1331, in combination with the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*.

*See Califano v. Sanders*, 430 U.S. 99 105-107 (1977); see also *Mejia Rodriguez v. United States Dep't of Homeland Sec.*, 562 F.3d 1137, 1142-44 (11th Cir. 2009).

9. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C.§ 702(A).

10. For the purposes of 5 U.S.C. § 704, Plaintiff lacks any statutorily, regulatory, or administrative remedy. Therefore, the instant suit is properly filed. 5 U.S.C. § 704 ("[a]gency action made reviewable by status and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

11. This Court can set aside agency actions found to be "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with law". 5 U.S.C. § 706(1), (2)(A).

12. Pursuant to 28 U.S.C. § 2201, this Court may, in the case of actual controversy, "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201.

13. Pursuant to 28 U.S.C. § 1361, Action to Compel An Officer Of The United States to Perform His Duty, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

## VENUE

14. Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(e)(1) in that this is an action against U.S. officers in their official capacity brought in the District where a substantial part of the event and/or omissions giving

rise to Plaintiff's claims have occurred, and where Plaintiff resides as no real property is involved in this action. 28 U.S.C. §§ 1391(e)(1)(B).

**FACTS AND PROCEDURAL HISTORY**

15. Mr. Fernandez was born on November 6, 1994. *See* Exhibit A.
16. Mr. Fernandez fled Cuba on September 11, 2022, due to severe persecution stemming from his political opinions, which are in direct opposition to the current government in power. As a result of his political activities and dissent, he faced significant retaliation, including threats to their safety and well-being. His departure from Cuba was not a matter of choice but of survival.
17. He arrived in the United States on February 13, 2022. He was detained by the Department of Homeland Security (DHS) by the Marathon, Florida Border Patrol Station. *See* Exhibit B.
18. He was then issued an Order of Removal under Section 235(b)(1) of the Act. *See id.*
19. He was then released and given an appointment to be present at the U.S. Immigration and Customs Enforcement (ICE) Office in Midland, Texas, with a document explaining that he was issued a Parole with Alternatives to Detention. *See id.*
20. In its pertinent parts, 8 C.F.R. § 212.5(b) states, "[t]he parole of aliens within the following groups who have been or are detained in accordance with [8 C.F.R.] § 235.3(b) or (c) of this chapter would generally be justified **only** on a case-by-case

basis for "urgent humanitarian reasons" or "significant public benefit[.]"(emphasis added).

21. 8 C.F.R. § 235.3(b) of, cited in paragraph nineteen (19), refers to aliens with orders of expedited removal pursuant to Section 235 of the Immigration and Nationality Act (the "Act").

22. Thus, section 212.5(b) provides that to release an alien who was issued an order expedited removal, ICE may only do so by granting a parole under section 212(d)(5)(A) of the Act.

23. Similarly, 8 C.F.R. § 208.30(f) states that the parole of aliens found to have established a credible fear may be considered only in accordance with INA § 1182(d)(5) and 8 C.F.R. § 212.5.

24. At or about February of 2025, Plaintiff was detained and is currently under ICE's custody at the IAH Secure Adult Detention Facility located at 3400 FM 350 SOUTH, LIVINGSTON, TX 77351, pending removal proceedings in front of the Immigration Judge.

25. The issuance of the humanitarian parole would allow Plaintiff to obtain legal permanent resident status under the Cuban Adjustment Act (CAA) of 1966 (Pub. L. No. 89-732, 80 Stat. 1161, codified at 8 U.S.C. § 1255 (Cuban nationals who have been inspected and admitted or **paroled** into the United States may apply for adjustment of status to that of a lawful permanent resident after one year of physical presence in the United States).

26. As a result of such parole and subsequent adjustment of status to obtain legal permanent residence in the United States, Plaintiff will be able to remain in the United States with his Fiancé, Jessica Acosta Sanchez, who is a Legal Permanent Resident, and proceed with his plans to marry his fiancé in accordance with the applicable laws of his jurisdiction.

27. On March 25, 2025, Plaintiff, through undersigned counsel, sent a Parole Request noting the delay in issuance of such to ICE.

28. Up to the date of the filing of this complaint, ICE has not given a response to Plaintiff's request.

## COUNT I– MANDAMUS ACTION

29. Plaintiff re-alleges and restates allegations in paragraphs one (1) through twenty-seven (27) above as though they were stated herein.

30. Mandamus relief is only appropriate when: (I) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003).

31. Plaintiff was placed in expedited removal proceedings under INA § 235(b), 8 U.S.C. § 1225(b).

32. Plaintiff was subjected to a credible fear interview on September 13, 2022.

33. Subsequently, Plaintiff was released under parole pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(b); and 8 C.F.R. § 208.30(f).

34. Plaintiff was not issued a humanitarian parole form under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

35. Plaintiff has a clear right to the relief requested pursuant to regulations at 8 C.F.R. §§ 212.5(b); 208.30(f) under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

36. Under Defendant's own regulations at 8 C.F.R. §§ 212.5(b); 208.30(f) they have a clear duty to act by giving Plaintiff the humanitarian parole as it was the only remedy available for his release after being placed on expedited removal proceedings.

37. The Plaintiff is entitled to action on his long-pending a humanitarian parole because it is the only form of relief available at his release from ICE Custody from expedited removal proceedings under INA § 235, 8 U.S.C. § 1225.

## COUNT II – ADMINISTRATIVE PROCEDURE ACT (APA) VIOLATION

38. Plaintiff re-alleges and restates allegations in paragraphs one (1) through twenty-seven (27) above as though they were stated herein.

39. The APA authorizes suit by any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. "Agency action" includes "failure to act." 5 U.S.C. § 551(13). The APA requires agencies to conclude matters "within a reasonable time," and authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §§ 555(b), 706(1).

40. To be entitled to relief under the APA, a plaintiff must show either that the agency unlawfully withheld action it was required to take, such as when an agency fails to meet a congressionally-set deadline, Forest Guardians v. Babbitt, 174 F.3d 1178, 1190 (10th Cir. 1999), or that the agency unreasonably delayed taking "a discrete agency

action that it is required to take," Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004).

41. Plaintiff was placed in expedited removal proceedings under INA § 235(b), 8 U.S.C. § 1225(b).

42. Plaintiff was subjected to a credible fear interview on September 13, 2022.

43. Subsequently, Plaintiff was released under parole pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(b); and 8 C.F.R. § 208.30(f).

44. Plaintiff was not issued a humanitarian parole form under INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A).

45. The Plaintiff has already waited more than three (3) years for his Parole to be issued pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A) and Defendant's own regulations at 8 C.F.R. § 212.5(b). This is an unacceptable and unreasonable delay.

46. The Plaintiff is entitled to action on his long-pending a humanitarian parole because an unreasonable amount of time has passed since his release from ICE Custody from expedited removal proceedings under INA § 235, 8 U.S.C. § 1225. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that that this Honorable Court will:

1. Accept jurisdiction over the instant matter;

2. Declare, pursuant to 8 U.S.C. § 1182(d)(5)(A), that U.S. Citizenship and Immigration Services (USCIS) has unreasonably delayed the issuance of Plaintiffs humanitarian parole.

3. Order, pursuant to 28 U.S.C. §§ 1361, 1651, U.S. Immigration and Customs Enforcement (ICE) to issue Plaintiffs humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A).

Respectfully submitted,

s/Eduardo Soto                                                                                      ____May 2, 2025__
Eduardo Soto, Esq.                                                                                Date
Florida Bar No. 0858609
Eduardo Soto & Associates, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Office: (305) 446-8686
Fax: (305) 529-0445

## **EXHIBIT LIST**

**Exhibit A** – Copy of Plaintiff's Passport and Birth Certificate

**Exhibit B** – Copy of Record Issuing Order of Expedited Removal

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 2, 2025, I electronically filed the foregoing document with the Clerk of Court using PACER. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by PACER or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

s/ Eduardo Soto                                                              May 2, 2025
Eduardo Soto, Esq.                                                            Date
The Law Office of Eduardo Soto, P.A.
999 Ponce de Leon Blvd., Suite 1040
Coral Gables, Florida 33134
Tel.: (305) 446-8686 Fax.: (305) 529-0445